Dwight L. OGLESBEE, Plaintiff,

v.

INDYMAC FINANCIAL SERVICES, INC. and its successor OneWest Bank Group, LLC, Mortgage Electronic Registration System, Inc. (MERS), Does 1–100, and Trustees 1–100, Defendants.

Case No. 09–10087–CIV–KING.

United States District Court,
S.D. Florida,
Key West Division.

Feb. 8, 2010.

Joshua Adam Bleil, Ticktin Law Group, PA, for Plaintiffs.

William P. Heller, Celia N. Falzone, Jeffrey A. Trinz, of Akerman Senterfitt, for Defendants.

## ORDER GRANTING MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon OneWest Bank Group, LLC ("OneWest") and Mortgage Electronic Registration System Ire's ("MERS") Motion to Dismiss the Amended Complaint and Mo-

tion to Strike the Florida RICO Count (DE # 14), filed November 12, 2009. On November 30, 2009 Plaintiff filed its Response in Opposition to Defendants' Motion (DE # 17) and on December 15, 2009 Defendants Replied (DE # 21).

## I. BACKGROUND

As factual background, on October 27, 2006 Plaintiff entered into two mortgage loans in favor of IndyMac Financial Services, Inc. ("IndyMac") to purchase property in Key West. MERS is the Mortgagee on the loans. The first mortgage is a 30–year adjustable rate mortgage with a 10 year interest only introductory period. The current rate, as of May 2009, is 9.250% with a monthly payment of $2310.00. The second mortgage is a 15–year fixed rate mortgage with 179 interest only payments of $896.50 and one balloon payment of the remaining balance. The interest rate is 12.873%. The combined loans were 100% of the property's $420,000 purchase price. Subsequently, in 2008, IndyMac was seized by the Office of Trust Supervision and, among other assets, Plaintiff's loans were sold to OneWest.

On October 15, 2009, Plaintiff filed a three count Amended Complaint and Demand for Jury Trial (DE # 10) against Defendants IndyMac and its successor OneWest, MERS, Does 1–100, and Trustees 1–100.[1] In the Amended Complaint Plaintiff alleges he was fraudulently induced by IndyMac to enter into the predatory loans (Count I), Defendants jointly engaged in a pattern of criminal activity in violation of the Florida RICO Act (Count II), and based on the aforementioned allegations Plaintiff is entitled to an action for quiet title (Count III). On December 18, 2009, this Court granted Defendant MERS

---

1. Defendants Does–100 and Trustees 1–100 have not been served, nor have they appeared as parties in this case.

and OneWest's Motion to Strike Jury Demand (DE # 23).

## II. LEGAL STANDARD

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir.2003). The complaint may be dismissed if the facts as pled do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1968–69, 1974, 167 L.Ed.2d 929 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir.2001) (en banc) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.,* 412 U.S. 669, 688, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973)). More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974.

## III. DISCUSSION

In this Motion, Defendants contend that (1) Plaintiff's fraud claim is inadequately pled and lacks foundation; (2) Plaintiff did not adequately allege a Florida RICO violation; and (3) Defendant MERS should be dismissed with prejudice. For the reasons discussed below, this Court agrees with Defendants and grants their Motion

to Dismiss the Amended Complaint and Strike the Florida RICO count.[2]

### A. Count I: Fraud

Plaintiff alleges that Defendants misrepresented the terms of the mortgages to induce Plaintiff to enter into predatory loans, placing him in a precarious financial position. Specifically, Plaintiff alleges that IndyMac and its agents steered Plaintiff into a loan that did not require income, asset or other financial verification, so that he would qualify for a higher loan than his verifiable income could actually support. Plaintiff also alleges that he was rushed to read, understand, and sign the highly technical, detailed and pre-tabbed financial documents. Plaintiff further contends that he was not provided with true, accurate, and complete copies of numerous important documents. In this Motion, Defendants allege that Plaintiff does not state a cognizable claim for fraud against Defendants OneWest or MERS because all of the allegations are made against IndyMac. Defendants also claim that these allegations fail to meet fraud's heightened pleading standard. For the following reasons the Court finds that these allegations are not pled with the requisite particularity for a fraud claim and therefore are dismissed without prejudice.

To prevail on a claim for fraud in the inducement, a party must prove: (1) a misrepresentation of material fact was made; (2) the party knew the misrepresentation was false; (3) the misrepresentation was intended to induce reliance; and (4) the party suffered injury based on justifiable reliance. *Johnson v. Davis,* 480 So.2d 625, 627 (Fla.1985). A claim for fraud is subject to the heightened pleading requirements of Federal Rules of Civil

---

**2.** Plaintiff's third count, an action for quiet title, is dependent on a viable fraud claim

which Plaintiff fails to plead. The action for quiet title therefore fails as well.

Procedure Rule 9(b). F.R.C.P. 9(b). To sufficiently plead a claim under Rule 9(b), a plaintiff must allege the exact statements and alleged misrepresentations; the time and place of each such misrepresentation and who made it; the substance of the representations and how they misled the plaintiff; and the defendant's gain due to the alleged fraud. *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316–17 (11th Cir.2007) (citing *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380–81 (11th Cir.1997)).

■ Here, Plaintiff does not adequately plead the alleged misrepresentations. Plaintiff does not address the time and place of the misrepresentations, who besides "IndyMac and its agents" made these representations, or what the actual content of these misrepresentations was. Instead, the Amended Complaint broadly asserts that Plaintiff was "steered" into a predatory loan; qualified "for a higher loan than his verifiable income could actually support;" was presented with 6 different loan plans "to confuse and obscure the true terms of the loan;" and was told false statements regarding the loan, the fact the loan was fair, and that IndyMac would help him refinance in the future with more favorable terms. (First Am. Compl. at ¶ 26.) Again, these statements do not explain how Plaintiff was "steered" into a predatory loan, what he was told to make him agree to a loan that his verifiable income could not support, how the loan plans were confused and obscured, what exact false statements were made, who made:he statements, or what Defendants OneWest or MERS had to do with those statements.

Further, Plaintiff cannot allege that he relied on any misrepresentations regarding his income nor can he allege that he suffered an injury based on this reliance.

As the court explained in *Infante v. Bank of America Corp.*, if the Plaintiff was unaware of the use of an inflated income to qualify him for the loan, then he cannot possibly have relied on that misrepresentation. (09–21586–CIV–GOLD, DE # 38 Order Granting Mot. to Dismiss at 9.) On the other hand, if Plaintiff *did know* that his income was falsified then he similarly could not have relied on the misrepresentation because he not only knew his true income, but he also signed documents attesting to the accuracy of the information in those documents, including his income. Moreover, the *Infante* court found that, "any falsification of the Plaintiffs' income on [the loan application] would have been intended to induce action on the part of the lender, rather then Plaintiffs." *Id.* at 8 (citing *Matthys v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3762632, *2 (M.D.Fla. Nov. 10, 2009) (emphasis in the original)). Plaintiff went to the bank for a loan and came out with a loan. Plaintiff cannot now contend that he was injured by receiving the very thing that he requested.

Plaintiff has failed to meet the heightened pleading standard necessary to allege a claim for fraud.

### B. Count II: Florida RICO

Next, Plaintiff alleges that Defendants engaged in the prohibited acts of perjury, mortgage fraud, organized fraud, communications fraud and obtained a mortgage by false representation as a pattern of criminal activity in violation of the RICO act. Defendants assert in their Motion to Dismiss that Plaintiff's RICO claim is without legal or factual support. Defendants claim that Plaintiff's allegations of perjury are "bogus" and have no relation to this case, Plaintiff does not adequately allege a pattern of criminal activity, and that the heightened pleading requirements

of a RICO claim are not met. The Court is in agreement.

Under the Florida RICO statute,

It is unlawful for any person: (1) Who has with criminal intent received any proceeds derived, directly or indirectly, from a pattern of criminal activity or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise.

Fla. Stat. Section 772.103. "A pattern of criminal activity" is defined in this Section as "engaging in at least *two* incidents of criminal activity that have the same or similar intents, results, accomplices, victims, or methods of commission or that otherwise are interrelated by distinguishing characteristics and are not isolated incidents of criminal activity", but these incidents "shall not include two or more incidents of fraudulent conduct arising out of a single contract or transaction against one or more related persons." Fla. Stat. Section 772.102(4) (emphasis added).

 In this case all of the alleged incidents of criminal activity, besides for the allegations of perjury, arise out of the *same* transaction; obtaining the subject mortgages to purchase the Key West property. They do not, therefore, qualify as a *pattern* of criminal activity under the RICO act. Further, Plaintiff's allegations that IndyMac committed perjury by presenting false affidavits in foreclosure actions is not sufficiently related to the alleged fraudulent misrepresentations at issue in this case. In the case before this Court, Defendants' alleged misrepresentations were made to induce Plaintiff to enter into a mortgage, Defendants' intent was not to foreclose on Plaintiff's mortgage loans. These false affidavits, in an unrelated foreclosure action that Plaintiff is not a party to, are therefore not an interrelated criminal activity for purposes of a RICO claim. The RICO claim is stricken.[3]

## C. MERS

Finally, Defendants claim that there is no fairly traceable harm stemming from MERS's actions and therefore MERS should be dismissed with prejudice. Defendants are correct.

 MERS is the mortgagee on the subject loans. MERS, however, is not named in any of Plaintiff's aforementioned allegations. Plaintiff does not allege that MERS made any false statements nor that MERS engaged in any specific criminal activity. Plaintiff merely contends that MERS, along with IndyMac and OneWest, acted in concert to commit the pattern of criminal activity alleged in Count II. Yet, Plaintiff does not allege that MERS actually engaged in any of the five predicate acts discussed in Count II. As Plaintiff has not alleged MERS engaged in *any* harmful conduct, Plaintiff has not stated a claim for relief against MERS. MERS is dismissed with prejudice as a party to this action.

## IV. CONCLUSION

In sum, Plaintiff has failed to adequately plead a claim for fraud, state a claim for violation of the Florida RICO statute, or allege a cognizable claim against MERS.

Accordingly, after a careful review of the record and the court being otherwise fully advised it is.

---

**3.** A RICO claim is also subject to Rule 9(b) and must be pled with particularity. *Ambrosia,* 482 F.3d at 1316–17. Plaintiff's claim, however, fails on its face and therefore it is not necessary to address whether it fulfills the heightened pleading requirements.

ORDERED, ADJUDGED, and DE-CREED that

1. OneWest and MERS's Motion to Dismiss the Amended Complaint and Motion to Strike the Florida RICO Count (**DE # 14**) be, and the same is hereby, **GRANTED;**

2. Count I be, and the same, is hereby **DISMISSED** without prejudice;

3. Count II be, and the same, is hereby **STRICKEN** from the record; and

4. Defendant MERS be, and the same, is hereby **DISMISSED** with prejudice as a party to this case.